Mr. Justice Cox
delivered the opinion of the Court:
*500 In this case the plaintiff, Mrs. Harriet R. Weaver, administratrix de boivis non of the estate of Cecil F. „Weaver, who was her husband, under letters of administration taken out in Maryland, institutes this suit, in which she sets forth that on the 19th day of June, 1888, Cecil F. Weaver was in the service of the United States in the capacity of a railway postal clerk or employee, that the route to which he was assigned as such clerk or employee, and in -which he was on duty was from the city or town of Grafton, in West Virginia, to the city of Baltimore, in the State of Maryland; that on the day in question he was in the discharge of his duty as such railway postal clerk or employee, and, with the knowledge, approval and permission of the defendant, was in tire mail postal car in which the United States mail was then being transported, and of which he had partial charge, which was attached to 'and formed part of a train belonging to, owned and operated by the defendant, for the conveyance of passengers and persons from Grafton, West Virginia, to Baltimore, Maryland; that on the 19th day of June, 1888, while said defendant’s train was proceeding from the said city or town of Grafton, ti> the city of Baltimore, and while said train was near Great Cacapon Station, in the State of West Virginia, and while said train was passing over the railroad bridge across which the railroad track passes, over the Great Cacapon Creek, in said State of West Virginia, the said Cecil F. Weaver, while in the discharge of his duties as a passenger in said train, and as such postal clerk, and without any want of care or negligence on his part, was killed, and his death occurred on said last mentioned day by having his head brought in contact with the timbers of said mil-road bridge, and the plaintiff avers that the death of said Cecil F. Weaver, was caused by the wrongful act, neglect and default of said defendant and its servants and employees, in constructing, maintaining and keeping a railroad bridge and timbers thereof so near to the track and passing trains as to be dangerous to passengers transported thereon, and the said' act, neglect or default was such as, if death had *501 not ensued, would have entitled said Cecil F. Weaver, for injuries received, to maintain an action to recover damages in respect thereof against said defendant.
The declaration sets forth the statute of ,West Virginia, which gives a right of action -under these circumstances.
The defendant pleaded the general issue, and what is intended to be a plea of the Statute of Limitations, in these words:
“ Second. And for a second plea, that the plaintiff’s alleged cause of action did not accrue within one year before the institution of this suit.”
Issue was joined on the first plea of the general issue. The second .plea was !demu;rred to. The demurrer was sustained, and an appeal taken from the order sustaining the demurrer, to this court.
The main question which it was intended to present was really what was supposed to be the defence of limitations; but inasmuch as the demurrer to the plea carries us back to the declaration, and'also entitles the defendant to take advantage of any defect in the declaration, in setting out the cause of action, the question was made in the argument here as to the right of the plaintiff to maintain this action at all.
The case presented is that of an administratrix who took out her letters in- Maryland, suing in this District for injuries received in West Virginia, and claiming under a statute of West Virginia. On the general question of the right of a party representing a deceased whose death was. occasioned by negligence in another jurisdiction, by the laws of which jurisdiction the right of action is given, to maintain that action here, we think that the case of Dennick vs. The Railroad Company, 103 U. S., 11, settles the law for us.
That case grew out of an accident occurring in Netw Jersey on the Central Railroad, causing death. Letters of administration were taken out by the widow of the deceased in the State of New York, and the action was brought there. Objection was made to the right of the plaintiff to maintain *502 action there, and Justice Miller, in delivering the opinion of the court, laid down- the broad proposition that “ where-ever by either the common law or the statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced, and the right of action pursued in any court which has jurisdiction of such matters, and can obtain jurisdiction of the parties.” '
He cites the well known leading case of Mostyn vs. Fabrigas, Cowp., 161, which, it will be remembered, was a case in which action was brought by an inhabitant of the Island ofi Minorca against the Governor of Minorca, in England, for false imprisonment in Minorca. Lord Mansr field, in that case, said that an action of that sort is essentially transitory, and the action may be instituted anywhere.
The Supreme Court then goes on to maintain that there is no difference .at all between the right of action existing at common law, and one created by statute.
This proposition of the court is broad enough to embrace this case, even if we had no law similar to that of West Virginia. The State decisions do not go to the same length as the Supreme Court on this general subject; but they also maintain the same doctrine, where, in the State where the remedy is sought, the policy is the same and the legislation is the same in character as in the State where the cause of action accrued and the right of action is given by statute. They hold that it is not at all necessary that the statutes in the two different States should be exactly the same. The only thing necessary is that the general policy of the two jurisdictions, and the principle of their legislation, should be identical.
The case of Morris vs. The Chicago, Rock Island & P. R. R. Co., reported in 19 American & English Railroad Cases, 180, illustrates this rule. That is a case where the accident occurred in Illinois, and the suit was brought in Iowa. The plaintiff pleaded the statute of Illinois in his petition and made his proof that the deceased left a wife and parents surviving him. The court instructed the jury that *503 a recovery must be had as provided by the Illinois statute. They said': “In Leonard vs. Columbia Steam Navigation Company, 84 New York, 48, where .an action was brought ir. that State against the defendant by an administrator for damages for a wrongful act causing the death of the intestate the State of Connecticut, it was held that the action could be maintained. The ground of the decision is that, although the right of action does not exist at common law, but was created by statute, yet it was transitory in its nature and could be enforced in a foreign country where the laws of that country are .of a similar nature. In other words, it is held that the action will lie unless the law and policy of the forum forbids its maintenance. The court said:
“ ‘ The rule here laid down- is just and reasonable, and does not ask that the statute should be precisely the same as that of the State where the action is given by law, or where it is brought, but merely requires that it should be of a similar import and character.’ ”
The court then cites the case of Dennick vs. The Railroad Company, 103 U. S., 11, and adds:
“ It was held that the action could- be maintained, and the decision is placed upon the broad ground that the action is transitory! and may be maintained in any forum, and that the venue is immaterial. We think that it has been generally held that where a right of action accrues by virtue of a statute of any State, the action may be maintained in any other. Slate, if not contrary to the public policy or law of the place where suit is brozightS
We have, as is well’ known, a statute in this District which is ¡almost identical with the West Virginia statute, the principal difference being that the duration of the right of action is confined here to one year, while under the West Virginia statute it is confined to two years. That makes no difference in principle. The principle of the two laws is identical; that is, that if death be occasioned by negligence, a right of action is given by the statute to the representative of the deceased, which is an innovation upon the common law. The same *504 policy prevails in both jurisdictions as to another question, and that is that the right of action should be limited in time. It makes no difference that the time is different under the two statutes. The policy of the two laws is exactly the same, and the principle at the foundation of them is the same.
So that, according to both Federal and State decisions, we think there can be no doubt of the right of a duly constituted administrator of a deceased person to maintain an action here to recover damages for the injuries set forth in this declaration.
There is a quesion made as to the right of the administratrix whose letters are derived from authority of the State of Maryland to maintain that action here. If the letters had been taken out in this District, the case would have been on all fours with the case of Dennick vs. The Railroad Company.
The act of Congress on this subject (24 Statutes at Large, 431) provides:
“ That from and after the passage of this act it shall be lawful for any person or persons to whom letters testamentary or of administration have been or may hereafter be granted by the proper authority in any of the United States or Territories thereof, to maintain any suit or action and to prosecute and recover any claim in the District of Columbia, in the same manner as if the letters testamentary or of administration had been granted to such person or persons by the proper atithority in the said District, and the letters testamentar}' or of administration, or'a copy thereof, certified under the seal of the authority granting the same, shall be sufficient evidence to prove the gi*anting thereof, and that the person or persons, as the case may be, had or have administration,” &c., &c.
So that a foreign administrator, as respects any right of action, is put upon exactly the same footing as a .domestic administrator, in this jurisdiction.
A question was suggested also as to whether the fact that *505 a different law of distribution might prevail in the different jurisdictions, would affect the question. That very objection was made in the case of Dennick vs. The Railroad Company, and it was met by the Supreme Court in the following language:
“But the courts of New York are as capable of enforcing the rights of the widow and next of kin as the courts of New Jersey. And as the court which renders the verdict for damages in favor of the administratrix can only do so by virtue of the New Jersey statute, so any court having control of her can compel distribution of the amount received in the manner prescribed by that statute.”
According to this principle, if the plaintiff recovers damages here, although she takes out her letters in Maryland, she would be bound to distribute the fund according to the law of West Virginia, and the courts of Maryland or this District would see that the distribution was made accordingly. Nor does it malee any difference that she could not sue in Maryland, because under the law of that State, such actions were required to be brought in the name of the State. Her right to sue is given by the law of West Virginia.
We do not see, therefore, any difficulty on the part of the plaintiff in maintaining her action here.
The next question relates to the Statute of Limitations. The object of this plea will be seen by reference to our statute on this subject, found in 23 Statutes at Large, page 307, which provides:
“ That whenever, by an injury done or happening within the limits of the District of Columbia, the death of a person shall be caused by the wrongful act, neglect or default of any person or corporation, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured, or if the person injured be a married woman, have entitled her husband, either separately or by joining with the wife to maintain an action to recover damages, the person who, or corporation which, would have been liable *506 if death had not ensued, shall be liable to an action for damages for such death.”
The second section provides:
“That every such action shall be brought by and in the name of the personal representative of such deceased person, and within one year after the death of the party injuredf'
It is to be noticed that this law applies only to deaths caused in the District of Columbia, and therefore is not applicable to the injury for which this suit is brought.
The question then is whether there is any act of limitations on that subject. In the case of “The Harrisburg,” in 119 U. S., 199, which was an admiralty case, the Supreme Court, speaking of these statutes, say that the provision requiring the action to be brought within a limited time is not a mere act of limitation, but it is a restriction upon the right to sue at all, and that when the time expires the right of action anywhere is absolutely extinguished.
So that, in this case, if the law of any other jurisdiction had allowed suits of this sort tó be brought within five years, yet this widow, going into that State from West Virginia, could not sue after two years. At that time her right of action would be gone .absolutely, and the cause of action would be extinguished. But, on the other hand, it seems to me that if we had an act of limitations here, properly called an act of limitations, which forbade a suit of this kind, where-ever the right of action had accrued, from being brought after one year, that would prevail against the statute creating the right of action, because no State can give a right of action which can be asserted at any time, in spite of a law of limitations of another State, which is a part of its lex fori.
But it is unnecessary to decide this question, because the act of this District, as I have already stated, does not apply to cases that have originated outside of the District.
If there is any act of limitations here at all, which will apply to this case, it is our general act of limitations under the Statute of Maryland, of 1715. If the husband of the plaintiff had not been killed, but had simply been severely *507 injured, and had brought this action, the form of his declaration would have been identical with this, except that instead of alleging his death he would have alleged simply the injury which he had suffered, and he would not have had occasion to refer to the statute of West Virginia, because his right to recover would have been a common law right. His declaration would have contained the same averments, viz., that he was injured without any want of care on his part, and that his injury was occasioned by the wrongful act and neglect and default of the defendants, its servants and employees, &c. It could not have been anything but an action of trespass on the case for injury, resulting from negligence. It seems to me- in its present form it is nothing else than an action of trespass on the case. The plea is exactly the plea which applies to the form of action of trespass on the case — the plea of not guilty. If it is an action of trespass on the case, then, according to the statute of Maryland, the cause of action is not barred until three years after it accrues. The law provides that actions of account, actions ttpon the case, upon simple contract, book debt, or account, and said actions for debt, detinue and replevin for goods and chattels, and actions for trespass quare clausum fregit shall be .brought within three years ensuing the cause of such action and not after.
Note. — This case was subsequently tried on its merits and resulted in- a verdict and judgment for the defendant. On appeal to the Court of Appeals, that court in an opinion filed June 4, 1894 (3 App., D. C.), affirmed the judgment of the court below. — Reporters.
If, therefore, there is any statute of limitations at all in this District to cover the present case, it would be the statute of Maryland, of 1715. If that does not apply to. it, then there is no statute of limitations at all. In either view of the case, the lapse of time which is pleaded is not a bar to the bringing of the action. The demurrer was therefore properly sustained, and the judgment of the court in that respect is affirmed.