[Civ. No. 6522.   Second Appellate District, Division One.—June 23, 1931.]

SALLY HARP, Appellant, v. CHARLOTTE L. FERRELL, Respondent.

George Acret for Appellant.

Lucas F. Smith for Respondent.

YORK, J.—This is an appeal upon the judgment-roll from a judgment of dismissal of an action upon the sustaining of a demurrer to plaintiff's amended complaint without leave to amend. Said demurrer was sustained upon the ground that the plaintiff's cause of action is barred by section 340, subdivision 3 of the Code of Civil Procedure. The "amended complaint" is identical in terms with the original complaint (to which a demurrer had been sustained), and recites a cause of action for alienation of affections of appellant's husband, containing certain allegations in aggravation thereof, and which, it is alleged, continued from the first day of March, 1924, to the first day of September, 1927. The only allegation of the amount of damages sustained by appellant is the following: "That by reason of said desertion existing between the period aforesaid, the plaintiff was left without means of support or protection and was deprived of the comfort, society, support and protection of

her said husband and the happiness and benefits she would otherwise have had in his hands, and did suffer great distress of mind, body and estate, all to her damage in the sum of $25,000.00.''

It is contended by appellant that the action is one for criminal conversation and that alienation of affections is but incidental thereto. However, the quoted portion of the complaint, which is the only portion thereof setting forth the amount of damage sustained, or an estimate of the damage sustained by plaintiff, does not refer to the criminal conversation as an element of financial detriment.

Section 339, subdivision 1 of the Code of Civil Procedure, limits the time within which an ''action upon a contract, obligation or liability not founded upon an instrument in writing'' may be commenced to two years; while section 340, subdivision 3, provides that ''An action for libel, slander, assault, battery, false imprisonment, seduction, *or for injury to or for the death of one caused by the wrongful act or neglect of another* . . . '' must be brought within one year.

Appellant maintains that the action involved in the case now before this court is not one for personal injuries, and that section 340, subdivision 3, does not apply, but that the action is governed by section 339, subdivision 1, and cites 16 Cal. Jur. 470, section 73, to the effect that said latter section is applicable to all actions in tort for which there is no specific provision in the statute of limitations.

In interpreting the provisions of section 340, subdivision 3, *supra,* as amended in 1905 by adding the clause ''or for the injury to or the death of one caused by the wrongful act or neglect of another'', the court in the case of *Huntly* v. *Zurich etc. Co.,* 100 Cal. App. 201, at page 212 [280 Pac. 163], held that by such amendment it was intended to embrace therein all infringements of personal rights as distinguished from property rights. It would seem, therefore, that section 340, subdivision 3, of the Code of Civil Procedure, covers not only actions of libel and slander and those actions involving direct physical injuries to the person, but also actions involving infringements of personal rights, to which class we are of the opinion the present action belongs.

The judgment of dismissal is affirmed.

Conrey, P. J., and Houser, J., concurred.