[Civ. No. 9343. Second Appellate District, Division One.—June 18, 1935.]

FRANK F. BOUCHARD, Appellant, v. HARRY REED, Respondent.

Charles Matthews and Hare & Walden for Appellant.

Jennings & Belcher for Respondent.

THE COURT.—The judgment in favor of respondent is based upon the conclusion of law of the trial court that plaintiff's cause of action was barred by the statute of limitations.

The action is one for enticement of plaintiff's wife from her husband, and the appeal is upon the judgment roll alone.

The findings of fact are that plaintiff and his wife Eurena L. Bouchard had been married for some years prior to 1928, and at that time were living together; "that by 1928 the said Eurena L. Bouchard was infatuated with the defendant and had then lost her affections for her husband; that it is true that commencing about the year 1924 the defendant began, and thereafter and until July 14, 1931, continued, to seek the society of the said Eurena L. Bouchard and on frequent and divers occasions during said period was in the company and presence of said Eurena Bouchard; that on many of said occasions the said defendant exhibited affection to and for the said Eurena L. Bouchard and conducted himself toward her in a manner and fashion calculated to, and which did, win the affections of said Eurena L. Bouchard; that said actions on the part of said defendant were wrongful, wilful, malicious, wicked and unlawful and were such as were calculated to, and which did, injure the plaintiff and deprive him of the comfort, society and affections of his said wife; that it is not true that the defendant intended to, or did, entice or induce said Eurena L. Bouchard to separate, leave or desert her said husband". The court further found that "plaintiff has become and now is estranged from his wife and that her affections, esteem and regard for plaintiff have been wholly destroyed; that it is not true that plaintiff's wife, either by reason of the matters alleged in plaintiff's complaint or otherwise, deserted or abandoned plaintiff on or about October 15, 1931; . . . that plaintiff and his said wife continued to reside in the same house until October 15, 1931, at which time the said plaintiff departed therefrom and has ever since continued to reside separate and apart from his said wife; . . . "

It thus appears that although defendant's wrongful actions continued until July 14, 1931, plaintiff's wife never

left her husband, but that he left her in October, 1931. No act of the defendant upon which any liability to the plaintiff can be based, nor any change of conditions other than plaintiff's act of leaving his wife, is shown by the findings to have occurred after July 14, 1931. Upon an appeal on the judgment roll alone it is conclusively presumed that the findings are supported by the evidence. (*Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673 [22 Pac. (2d) 5].) If a cause of action could arise in plaintiff's favor without his wife leaving him, it became barred one year after the last wrongful act of the defendant. (*Harp* v. *Ferrell*, 115 Cal. App. 160 [300 Pac. 978].) Plaintiff's complaint was filed August 8, 1932, and upon the findings of fact before us his action was barred at that time.

The appeal is entirely without merit and the judgment is affirmed.