[Civ. No. 10455.   Second Appellate District, Division One.—January 20, 1936.]

JENNIE SHADDOCK, Appellant, v. ETTA MEDOFF, Respondent.

David Schwartz for Appellant.

Milton M. Cohen for Respondent.

ROTH, J., pro tem.—This is an appeal by appellant from a judgment of nonsuit entered against her in an action for alienation of affections. The judgment of nonsuit entered on the court's own motion was granted on the ground that the evidence adduced by appellant impelled the conclusion that her action was barred by the statute of limitations, appellant having failed to file the same for more than one year after the accrual of her cause of action. ■ It appears to be the rule in this state that the one-year period of limitation applies to actions for alienation of affections. (Code Civ. Proc.,

sec. 340, subd. 3; *Harp* v. *Ferrell*, 115 Cal. App. 160 [300 Pac. 978]; *Davis* v. *Conant*, 10 Cal. App. (2d) 73 [51 Pac. (2d) 151]; *Mohn* v. *Tingley*, 191 Cal. 470, 471 [217 Pac. 733].) We are convinced that a different conclusion from that made by the trial court cannot be drawn from the evidence. The uncontroverted evidence shows that appellant knew and believed that her husband's affections had been stolen from her in June of 1932 and that a separation actually occurred between appellant and her husband in August, 1932. The instant action was filed January 25, 1934. The following excerpt from the testimony indicates the reason for the delay in bringing of the action:

"The Court: You knew it in 1932? A: Yes, right along I knew. The Court: If you wanted to sue this defendant for damages for alienating your husband's affections why did you wait until the 25th of January, 1934, to commence your action? A: Well, I thought he would come back home."

Appellant also testified that her husband "took his things and got out of (the) house", in August, 1932, and did not establish a home for her after that date. The record also discloses that on February 3, 1933, appellant herein as plaintiff filed an action for divorce and alleged in her complaint for divorce that the date of separation was August 3, 1932. The evidence also shows that appellant's husband, commencing with August 3, 1932, remained away from the house, first once a week, then twice a week, and finally three or four nights a week. However, appellant insisted in some of her testimony that she and her husband actually lived together as husband and wife until December 25, 1932. This is partially borne out by a letter written to appellant by her husband in October of 1932, at a time when the appellant's husband was out of the city, in which letter he said in part as follows: "With love to you and the folks and wishing you and the folks a very happy and prosperous New Year, I remain, your hubby Joe."

Accepting all of appellant's statements as the truth and for their full value, there is still no evidence of any kind indicating that the parties lived together intermittently or otherwise as husband and wife, or in any other manner, after December 25, 1932. The foregoing *résumé* of facts justifies but one reasonable conclusion and that is, that the parties did separate and the cause of action accrued prior to the 25th

day of January, 1933. Since the action was not filed until January 25, 1934, it is clear that the statute of limitation had already run.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.