ZELLMER v. ACME BREWING CO.

No. 12477.

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1950.

Bruce Walkup and Dan L. Garrett, Jr., San Francisco, Cal., for appellant.

Bronson, Bronson & McKinnon and George K. Hartwick, Norman A. Eisner, all of San Francisco, Cal., for appellee.

Before STEPHENS, Circuit Judge, and BOWEN and LEMMON, District Judges.

STEPHENS, Circuit Judge.

This case is before us on appeal from an order of dismissal entered on the ground that the claims here asserted were barred for failure to commence the action within one year from the date on which such alleged causes of action accrued.

The essential facts alleged are: Mary Zellmer, appellant, and her husband, Orval Zellmer, citizens and residents of the State of Nevada, each consumed while in Nevada part of the contents of a purchased bottle of beer manufactured and distributed by the Acme Brewing Company, a California corporation, whereupon they discovered that the bottle contained a dead mouse. Very soon after the consumption of the beer each of them became violently ill, and approximately three months later Orval Zellmer died allegedly as a result thereof.

About one year and five months after the death of her husband, Mary Zellmer commenced this diversity action against the Acme Brewing Company in the United States District Court for the Northern District of California, seeking to recover damages of over $3,000.00 on each of the two claims which are pleaded as three claims. As administratrix of the estate of her husband, Mary Zellmer asked general and special damages for his wrongful death. See Sections 9194 and 9195, Nevada Compiled Laws 1929. On her own behalf, she sought to recover damages for personal injuries suffered by reason of an alleged breach by the Acme Brewing Company of an implied warranty of its product's fitness for human consumption.

942

The statute of limitation interposed by Acme Brewing Company to bar appellant's claim is Section 340(3) of the California Code of Civil Procedure and thereby an "action . * *. * for injury to or for the death of one caused by the wrongful act or neglect of another, * * *" must be commenced within one year after such action shall have accrued. In Nevada a cause of action for wrongful death must be asserted in court within two years. Section 8524, Nevada Compiled Laws 1929.[1]

Appellant contends (1) that Section 340(3), California Code of Civil Procedure, does not limit the time in which an action for wrongful death in Nevada prosecuted in a California forum must be commenced and (2) that either Section 339[2] of the same code (a two-year limitation) or Section 343[3] thereof (a four-year limitation) and not Section 340(3) thereof limits the time in which an action to recover damages for personal injuries sustained as the result of an alleged breach of implied warranty must be commenced.

In a diversity case, a federal court is bound to follow the law of the state in which it is sitting, and such reference includes the state's conflict of laws rules as well as the state's internal law. Klaxon Company v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 1941, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481.

## Wrongful Death Issue

In American and English law it is a general rule that where a foreign cause of action is asserted the law of the forum governs as to the remedy. Statutes of limitation are generally considered procedural, hence ordinarily the statute of limitation of the forum governs the case.[4] Restatement, Conflict of Laws (1934), § 603. However, we are aware that "substance" and "procedure" "are not legal concepts of invariant content * * *." Black Diamond S. S. Corp. v. Robert Stewart & Sons, 1949, 336 U.S. 386, 397, 69 S.Ct. 622, 628, 93 L.Ed. 754.

Appellant contends that this case falls within an exception to the rule which requires the court to allow the action to be maintained in the California trial courts or the United States District Court by reason of diversity.

Statutes of limitation do not operate to extinguish substantive rights. However, it is well established that a statutory

---

1. Action in Nevada for the recovery of damages for wrongful death must be commenced within two years. As will hereinafter appear it is contended by plaintiff-appellant that the Nevada law is not a simple statute of limitation but goes to the substantive side of the law. That is, the cause itself ceases to exist and not just the remedy when the two years have expired. For simplicity of expression we refer to the law as a limitation.

2. California Code of Civil Procedure § 339: "Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision two of section three hundred thirty-seven of this code [not pertinent here]; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract

or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

3. California Code of Civil Procedure § 343: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

4. In one respect the lex fori rule has been in most jurisdictions changed by statute: Where the forum's statute of limitation fixes a time longer than a similar statute of the foreign jurisdiction and suit is commenced within the time limit of the forum but not within that of the foreign jurisdiction, the general rule allows the action to be maintained. Restatement, Conflict of Laws (1934), § 604. So-called "borrowing statutes" (such as California Code of Civil Procedure § 361) have been enacted to bar the action at the forum if it is barred in the jurisdiction where the cause of action arose.

liability not known to the common law, such as liability for wrongful death, clearly limited in time by a condition intended to affect the right and not merely the remedy, does not survive the time limitation. See, e. g., The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Davis v. Mills, 1904, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067; William Danzer & Co. v. Gulf & Ship Island Railroad Co., 1925, 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126; Midstate Horticultural Co. v. Pennsylvania Railroad Co., 1943, 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96; Ewing v. Risher, 10 Cir., 1949, 176 F.2d 641; Adams v. Albany, D.C.S.D.Cal. 1948, 80 F.Supp. 876; and the cases cited therein. And, being extinguished, the right no longer exists and cannot therefore be the subject of an action anywhere. See, e. g., Boyd v. Clark, C.C.E.D.Mich. 1881, 8 F. 849; Restatement, Conflict of Laws (1934), § 605.

Appellant contends that the Nevada limitation on the time in which wrongful death actions must be commenced is a substantive limitation upon the right created by statute and therefore that it and not the California limitation governs this case. It is not disputed that, if the Nevada limitation should be held to affect the remedy only, the California limitation is controlling here. See Anderson v. Linton, 7 Cir., 1949, 178 F.2d 304; Keys v. Pullman Co., D.C.Tex., 1949, 87 F.Supp. 763; O'Shields v. Georgia Pac. Ry. Co., 1889, 83 Ga. 621, 10 S.E. 268. It appears that the Nevada courts have not ruled upon the point. However, assuming that the two-year limitation of the Nevada statute is deemed to affect substantively the right of recovery for wrongful deaths occurring in Nevada, we do not think it follows that

appellant may prosecute her claim for wrongful death in another state at any time within such period notwithstanding a limitation of that state of a shorter period. See Hutchings v. I .mson, 7 Cir., 1899, 96 F. 720; Weaver v. Baltimore & Ohio R. Co., 1893, 21 D.C. 499, 10 Mackey's 499.

This is not a case where the question is: Does a cause of action exist? Conceding, without deciding, that appellant's alleged substantive right exists, the point is: Does she have a remedy in a California forum? It does not follow that application of the California limitation affects the substantive right created by the Nevada statute.

While on settled principles substantive rights arising in one state are generally enforceable elsewhere, such right may be denied by statutory law of any forum. We are of the opinion that California Code of Civil Procedure § 340(3) limits to one year the time within which *any* wrongful death action, wherever accruing, can be commenced in California courts.

The strongest argument which appellant can make, it seems to us, is that the California legislature intended the one-year time limit here involved to apply solely to causes of action for death arising in California. We find nothing in the California statutes compatible with such view. See Gregory v. Southern Pacific Co., C.C.D.Or. 1907, 157 F. 113 for an exhaustive review of the principles involved. We think that such intent on the part of the legislature is the basis of decision (though not always spelled out) in several of the cases upon which appellant relies, especially where (which is not the case here) the very same statute which creates the right limits the time in which an action to enforce the right must be commenced.[5] See Theroux

5. For example, in Theroux v. Northern Pac. R. Co., 8 Cir., 1894, 64 F. 84, at page 87, where the cause of action (for wrongful death) which arose in Montana whose laws limited the commencement of such actions to three years was prosecuted in Minnesota the laws of which had a two-year limitation as to such actions, the Eighth Circuit stated, after deciding that Montana's limitation was substantive: "Moreover, it cannot be said that, by entertaining the suit after the lapse of two years, the laws of Minnesota [the forum] would be set at naught, or any well-defined public policy of that state violated; for, in contemplation of law, the two-year limitation prescribed by the statute of that state * * * was only intended to apply, and can only apply, to causes of action which originate in that state, and not to causes of action that originate elsewhere."

v. Northern Pac. R. Co., 8 Cir., 1894, 64 F. 84; Keep v. National Tube Co., C.C.D. N.J., 1907, 154 F.121; Calvin v. West Coast Power Co., D.C.D.Or. 1942, 44 F. Supp. 783; Wilson v. Massengill, 6 Cir., 1942, 124 F.2d 666; Lewis v. Reconstruction Finance Corp., D.C. Cir., 1949, 177 F.2d 654. Compare Platt v. Wilmot, 1904, 193 U.S. 602, 24 S.Ct. 542, 48 L.Ed. 809; Restatement, Conflict of Laws (1934), § 397, Comment b. It is our opinion that the California statute invoked in this case was intended to be and is clearly applicable to appellant's claim and therefore governs her remedy. The case of Maki v. George R. Cooke Co., 6 Cir., 1942, 124 F.2d 663 is cited and relied upon by appellant but, whatever may be thought of the court's reasoning therein, the case may be differentiated from the instant one because there the statute of limitation (a general "injury to person" statute) of the forum was not directed specifically to the specially provided right of action involved which was the violation of the foreign jurisdiction's mine ventilation statute. Therefore there was no clear expression of the forum's policy against enforcement of such specially created right after the statutory time had elapsed. California's statute of limitation, in contrast, expressly refers to actions for death caused by wrongful act or neglect.

Compare Hughes v. Lucker, 3 Cir., 1949, 174 F.2d 285, and note that there the federal court was bound by a Pennsylvania state court decision. And see Engel v. Davenport, 1924, 194 Cal. 344, 228 P. 710, wherein the point is decided to the effect that the limitation of the forum controls. The case was reversed on other grounds however in 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813.

█ For the reasons stated, we conclude that in the circumstances obtaining here appellant is precluded by California Code of Civil Procedure § 340(3) from enforcing in California her claim for the alleged wrongful death of her husband.

### Breach of Warranty Issue

Appellant's second issue on appeal concerns which of two or more California statutes of limitation, as set out above, are to be applied to the claim for damages for her personal injuries. It is her contention that because such claim is asserted and pleaded by way of an implied breach of warranty, California Code of Civil Procedure § 340(3) is not the applicable limitation.

Section 340(3) limits to one year the time in which an action "for injury to * * one caused by the wrongful act or neglect of another" must be commenced. In Automobile Insurance Co. of Hartford, Conn. v. Union Oil Co., 1948, 85 Cal.App.2d 302, 193 P.2d 48, it was held that California's three-year limitation, § 338, controls where suit is predicated upon an implied warranty the breach of which allegedly had caused injury to real property. However, appellant argues that, unlike section 338(2), section 340(3) is not inclusive of all actions for injuries to the person but only of such actions as concern injuries caused intentionally or through negligence and hence that § 340(3) is not applicable to the abso-

Similarly, in Keep v. National Tube Co., C.C.D.N.J.1907, 154 F. 121 at page 124, it was declared: "The New Jersey statute [the forum's statute] does not limit the time within which an action may be instituted under the Minnesota statute, for the reason that the New Jersey statute creates no right of action in any case where death has resulted from a wrongful act done in another state." To the same effect the District of Columbia Court of Appeals in Lewis v. Re-

construction Finance Corp., 1949, 177 F.2d 654, at page 656 stated: "Regardless of the principles involved in the foregoing discussion, there is, we think, another and insurmountable obstacle to the application of the local limitation to an action arising under the law of another jurisdiction. Our wrongful death statute, and the limitations thereof are confined to deaths resulting from injuries suffered within the District of Columbia."

lute liability, regardless of fault, of the manufacturer of unfit foodstuffs.

Assuming that the manufacturer is absolutely liable, we believe that the California courts have held (indirectly) that an action to enforce an absolute liability for personal injuries is subject to section three hundred forty's time limitation. The California District Court of Appeal in Huntly v. Zurich General Acc. & Liab. Ins. Co., 1929, 100 Cal.App. 201, 212, 280 P. 163, 168, declared that "by the amendment to subdivision 3 of section 340 [in 1905] introducing the clause 'or for injury to or the death of one caused by the wrongful act or neglect of another,' it was intended to embrace therein all infringements of personal rights as distinguished from property rights." And Harp v. Ferrell, 1931, 115 Cal.App. 160, 300 P. 978, is in accord with the holding in the Huntly case. Such interpretation of the terms "wrongful act or neglect of another" accords with the interpretation elsewhere that such words are sufficiently broad to embrace every degree of tort that can be committed against the person (including, we believe, that for which the tortfeasor is absolutely liable regardless of fault or negligence). See e. g., Ludwig v. Johnson, 1932, 243 Ky. 533, 534, 49 S.W.2d 347; Zephyr Am. Co. v. Bates Mfg. Co., D.C.N.J. 1945, 59 F.Supp. 573, and the cases cited therein.

It matters not that the action is pleaded *ex contractu*. The gravamen is the personal injuries suffered, the contract, express or implied, being pleaded as the inducement giving rise to the duty which it is alleged was violated. See Basler v. Sacramento Elec. Gas & Ry. Co., 1913, 166 Cal. 33, 134 P. 993; Gosling v. Nichols, 1943, 59 Cal. App.2d 442, 139 P.2d 86; Automobile Insurance Co. v. Union Oil Co., supra.

We therefore conclude that enforcement of appellant's alleged claim for her personal damages is barred by the laws of the State of California.

Affirmed.