Marlene WHITLEY, Appellant,

v.

Melba Hunter WHITLEY et vir, Appellees.

No. 159.

Court of Civil Appeals of Texas.

Dec. 11, 1968.

Fred C. Brigman, Jr., Brigman, Martin & Smith, Houston, for appellant.

Edward C. Hutcheson, Hutcheson, Taliaferro & Grundy, James E. Brill, Brunson & Brill, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is an action for alienation of affections. It was originally brought by the appellant, Marlene Whitley, against Melba Hunter. At the time of the filing of the original petition on April 28, 1967, plaintiff was married to Roy E. Whitley and defendant Melba Hunter was a single woman. Service was not made or attempted on the original petition and no address for service was furnished by the plaintiff.

Subsequently, on July 28, 1967, plaintiff was divorced from her husband. They had been permanently separated for over two years prior to the divorce, since on or about May 1, 1965. After the divorce Roy E. Whitley married the defendant, Melba Hunter. Thereafter, on December 21, 1967, plaintiff filed her first amended original petition making her former husband a party defendant. Citation was issued on such petition and service obtained on January 13, 1968.

It is not disputed that the date of permanent separation of the plaintiff and her then husband was on or about May 1, 1965. This date, lacking two days, was two years prior to the date on which plaintiff's original petition in the instant case was filed. It seems likewise undisputed that diligence was not exercised in serving plaintiff's original petition and that it was not filed with bona fide intent that it be served.

Melba Hunter Whitley and Roy E. Whitley filed motions for summary judgment which were granted by the trial court. The grounds for such motions were (1) that an action for alienation of affections is governed by the two-year statute of limitations, Art. 5526, Vernon's Ann. Texas Revised Civil Statutes; (2) that any cause of action of plaintiff for alienation of affections accrued not later than the date of permanent separation on May 1, 1965, being the date by which consortium had been conclusively lost, and her cause of action was thereby barred by the two-year statute of limitations because of her failure to commence and prosecute her suit within two years after the date of accrual of such cause of action; and (3) that (in response to appellant's contention) the running of

the statute of limitations was not suspended by reason of appellant being a married woman. Roy E. Whitley's motion for summary judgment contained the additional ground that he was not a necessary or proper party to this action by his former wife, the appellant, against his present wife, appellee Melba Hunter Whitley. Appellant perfects appeal to this court from the summary judgment granted by the trial court.

Appellant's basic point of error is that the trial court erred in granting the defendants' Motion for Summary Judgment on the ground that her cause of action was barred by the two-year statute of limitation, Art. 5526, T.R.C.S., because such statute does not apply to actions for alienation of affections. Section 6 of this article provides that there shall be commenced and prosecuted within two years after the cause of action shall have accrued "Action for injury done to the person of another." It is appellant's position that as the action for alienation of affections is not specifically enumerated under the cited article it is therefore governed by the four-year statute, Art. 5529, which is applicable to most other actions for which no other limitation period is prescribed. There is no Texas case that has heretofore determined this issue. See Meridith v. Massie, Tex. Civ.App., 173 S.W.2d 799, err. ref., in which the court found it unnecessary to decide whether the two or four-year statute applied, and Turner v. Turner, 385 S. W.2d 230 (Tex.Sup.Ct.1964). We determine that an action for alienation of affections is governed by the two-year statute, Art. 5526, T.R.C.S.

■ An action for alienation of affections is one for loss of consortium, Turner v. Turner, supra; Norris v. Stoneham, 46 S.W.2d 363, no writ hist.; Smith v. Smith, Tex.Civ.App., 225 S.W.2d 1001, no writ hist.; and consortium has been held to include the right to the affection, society, comfort and assistance of the spouse. Smith v. Smith, supra; Norris v. Stone-

ham, supra. The loss of these elements occasioning mental pain and anguish, are of a mental and emotional nature, and therefore are embraced within the term "injury done to the person of another." This term has been held to include actions for mental suffering or "mental anguish, disappointment, sorrow and affliction." Martin v. Western Union Tel. Co., Tex.Civ.App., 26 S.W. 136, no writ hist.; Kelly v. Western Union Tel. Co., Tex.Civ.App., 43 S.W. 532, writ dismd. Other actions such as for mental suffering, anguish, disappointment, sorrow and affliction, assault and battery, fraud and misrepresentation, and malpractice have been held to be applicable under Art. 5526.

■ An action for alienation of affections is a tort action, Turner v. Turner, supra, is an action "founded in tort," Rader v. Rader, 378 S.W.2d 371, writ ref., n. r. e., and other causes of action sounding in tort are governed by such article. City of Vernon v. Low, Tex.Civ.App., 158 S.W.2d 857, no writ hist. We believe that reason dictates that an action for alienation of affections, being a tort action, should also be governed by the two-year statute. This determination is in accord with that made in other jurisdictions. Edwards v. Monroe, 54 Ga.App. 791, 189 S.E. 419; Hosford v. Hosford, 58 Ga.App. 188, 198 S.E. 289; Harp v. Ferrell, 115 Cal.App. 160, 300 P. 978. Appellant's point of error in this regard is overruled.

Appellant further contends that the trial court was in error in granting appellees' motion for summary judgment on the ground that the plaintiff's cause of action was barred by the two-year statute of limitation because the period of limitation did not begin until *all* of the elements of consortium were lost, or until the defendant Melba Hunter Whitley ceased her wrongful acts, which were questions of fact raised by the pleadings and not answered by the defendant's affidavits.

■ We believe that this issue has been previously determined against appellant's

contention. It is not necessary that there be a complete loss of all elements included in the term "consortium" but the cause of action for alienation of affections accrues upon any substantial impairment of them. Smith v. Smith, supra; Williams v. Rearick, Tex.Civ.App., 218 S.W.2d 225, no writ hist.; Collier v. Perry, Tex.Civ.App., 149 S.W.2d 292, err. dismd.

■ There is an additional factor in this determination. The plaintiff's pleadings here established that a permanent separation occurred on or about May 1, 1965. By her own pleadings plaintiff acknowledged that such permanent separation brought about loss of consortium. Her original petition states, "Plaintiff and Roy E. Whitley were separated and Plaintiff was thus deprived of consortium with her husband. * * *" Limitation in an alienation of affections action "* * * begins to run from the time of the loss of consortium" and not from the time of the lessening of affections of one spouse toward another. Turner v. Turner, supra, and see authorities there cited on page 239.

It will be presumed that some of the elements of consortium are impaired, if not totally lost, when there is a permanent separation. Here, however, plaintiff has specifically pled that consortium was lost and that such loss was occasioned by the permanent separation. The instant case therefore, presents a situation where there is not only a presumed loss of consortium initiating the running of the statute, but also an affirmative pleading of loss by the plaintiff. This point of error is overruled.

Plaintiff next contends that the trial court erred in granting the motions for summary judgment on the ground that her action was barred by the two-year statute of limitation, because plaintiff was a married woman, and under Art. 5535, Texas Revised Civil Statutes, she was entitled to two years after her divorce to commence this action. Defendants' motions for summary judgment were based on (1) an accrual of this cause of action to the plaintiff on the date of permanent separation, May 1, 1965, and (2) the lack of diligence on the part of the plaintiff in obtaining service of citation upon her original petition. Plaintiff does not take issue with the lack of diligence but contends that it is immaterial. It is her position that she was a married woman and under Art. 5535, T.R.C.S., in effect prior to January 1, 1968, the period of limitation could not begin to run until her disabilities of coverture were removed.

Prior to January 1, 1968, Art. 5535, T.R.C.S., provided "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married woman, a person imprisoned or of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title." This article was amended effective January 1, 1968, by Senate Bill 33, Acts of the 60th Legislature, Ch. 309, p. 735–740, to omit the words, "a married woman."

■ This issue must likewise be resolved against the appellant. We believe there are three reasons: first, in this state there has historically been no disability of a wife to bring an independent alienation of affections suit during marriage wholly without joinder of her husband. Burnett v. Cobb, Tex.Civ.App., 262 S.W. 826, no writ hist.; Norris v. Stoneham, supra; Smith v. Womack, 271 S.W. 209, writ ref. The very nature of the action makes it improper to require or even permit the other spouse's joinder for he is in effect the alleged wrongdoer. "The husband could not maintain the suit. His connection with the wrong would bar him. Since the husband cannot join, she must sue alone or not at all." Norris v. Stoneham, supra.

Second is Art. 4626, T.R.C.S., which provided that "A married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to contract and be contracted with, sue and be sued * * *." The impediments to the rights, power and authority of a married woman to sue and be sued that existed prior to the 1963 amendment to Art. 4626, have been largely eliminated. Kitten v. Vaughn, Tex.Civ.App., 397 S.W.2d 530, no writ hist.; Swinford v. Allied Finance Co. of Casa View, Tex.Civ.App., 424 S.W.2d 298, writ dismd.

Third, contrary to her stated position, plaintiff filed her original petition herein on April 28, 1967, while she was still married and while no divorce was pending. By such action she recognized that there was no disability of coverture preventing her from filing such action. We are of the opinion that her affirmative action recognized that there was no tolling of the statute by reason of her existing marriage. It possibly is no coincidence that her actions were taken shortly before the effective date of the amendment to Art. 5535 that eliminated any of its applicability to married women. As the plaintiff was under no disability requiring or permitting the joinder of her husband in a suit for alienation of his own affections and for the reasons stated, we believe there is no rational basis for tolling the statute of limitations under Art. 5535. This point of error is overruled.

We are of the opinion that both appellees' motions for summary judgment based on the ground that the instant suit is barred by limitations were properly sustained. Though it is not considered necessary to the opinion here made, we are also of the persuasion that the summary judgment as to Roy E. Whitley was properly granted because he is neither a necessary or proper party to this action.

The judgment of the trial court is affirmed.