<div style="margin-left:2em">LIMITATION: statute of.</div>

Affirmed.

---

## HOLTON v. BUTLER et al.

1. **Highway:** DAMAGES: FENCE. The owner of land through which a road is finally established. will not, on appeal from the award of damages made by the appraisers, be allowed for removing and resetting a fence

which he had erected in the track of the proposed road pending the application and after the award.

2. Appeal: TO SUPREME COURT. Questions not made and in which no exceptions were taken in the court below, will not be heard, on appeal to the Supreme Court.

*Appeal from Mahaska District Court.*

TUESDAY, JULY 9.

COUNTY ROADS, ESTABLISHMENT OF: DAMAGES TO LAND: OWNER: COSTS, ETC.—A county road was applied for, and established, through the plaintiff's land. In proper time, the plaintiff applied to the board of supervisors, to have assessed the damages he would sustain in consequence of the establishment of the road.

Appraisers were appointed, as provided by statute (Rev., § 843), who assessed the plaintiff's damages at thirty-seven dollars. Their report was approved by the board, and the road established. Plaintiff appealed to the District Court, and in that court a jury of twelve men were impaneled, who found a verdict for the plaintiff in the *same sum* allowed by the appraisers. Judgment was entered in the District Court for this sum in the plaintiff's favor, and against him for costs, $53.90. Plaintiff appeals to this court, and assigns as error the ruling of the District Court excluding certain testimony, in instructions to the jury, and in taxing him with costs.

*Z. T. Fisher* for the appellant.

*M. E. Cutts* for the appellee.

DILLON, J.—It appears that, *after* the assessment of damages by the appraisers, the plaintiff built a new fence

1. HIGHWAY: upon the track of the road. In reference to damages: fence. this fact, the plaintiff, on the trial of his appeal in the District Court, asked this instruction: " That the

Holton v. Butler.

jury, in estimating his damages, have a right to take into consideration the value of removing and resetting the fence, although the said fence had been erected after the assessment of damages by the commissioners." The court, to thus instruct, refused, and instructed the other way, to which the plaintiff excepted. The court was right. If, pending the application to establish a road, and after the damages had been assessed, the landowner could erect a fence, and, on appeal, be allowed the expense of removing and resetting it on the line of the road, then he might, on the same principle, have erected a house, worth $1,000 or $5,000, and claim to be allowed the expense of removing and rebuilding it. He cannot thus, by his own act, acquire additional rights as to damages, and throw additional obstacles in the way of the public pending the proceeding to establish a highway. Such a doctrine would unnecessarily embarrass the establishment of highways. It may be suggested, and indeed was offered to be proved, that such a fence was necessary, in order to enable the plaintiff to raise a crop. If so, the plaintiff could have set it as well on the *line* of the proposed road, as upon the track of the road. But how, it may be asked, can he know that the road will be finally established? The answer is, that if he build a fence pending a known and due proceeding to lay out a highway, he must take the risk of its final establishment; particularly so (which is as far as need now be decided) when he does this after he has applied for damages and had them assessed. The above observation disposes of all questions arising upon the rejection of testimony and upon the instructions.

II. It is also urged that the District Court erred in rendering a judgment for costs against the plaintiff. The 2. APPEAL: to argument is, that the Constitution gives the Supreme Court. plaintiff a right to have his damages assessed

by a jury; that the appraisers are not a jury; that, to secure a jury, the plaintiff was obliged to appeal to the District Court, and that his right to a jury trial cannot be clogged with a liability to pay the costs of such trial. The answer before the record is, that the plaintiff made no such question in the District Court. There was no exception to the judgment against him for costs. The appellant has not saved the question upon which he invites our decision, and we cannot, therefore, determine it in this appeal.

Affirmed.