MARY BURRELL, APPELLANT, v. WOOSTER B. PRESTON, RESPONDENT.

*Statute of limitations, relating to personal injuries occasioned by negligence, applicable where a contract relation exists — Code of Civil Procedure, sub. 5 of sec. 383.*

The provisions of subdivision 5 of section 383 of the Code of Civil Procedure are applicable to an action for the recovery of damages for personal injuries occasioned by negligence, although at the time of the occurrence a contract relation existed between the parties to the action, the plaintiff being a patient of the defendant, a doctor.

APPEAL by the plaintiff from a judgment in favor of the defendant dismissing the plaintiff's complaint, rendered at the Livingston Circuit, November, 1888, and entered in the office of the clerk of Livingston county on the 15th day of December, 1888.

The action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the alleged malpractice of the defendant, a physician and surgeon, occurring in the treatment of the plaintiff by the defendant in his professional capacity.

*J. A. Van Derlip*, for the appellant.

*Frederick W. Noyes*, for the respondent.

MACOMBER, J.:

The case contains a judgment and notice of appeal therefrom, although it is also stated that the exceptions taken at the trial were ordered to be heard at the General Term in the first instance. Under these circumstances, we must treat as controlling, in respect to the practice, the judgment and the notice of appeal.

The action is for damages for personal injuries received by the plaintiff through the negligence of the defendant. The answer, among other things, alleges that the action was not brought within the three years next succeeding the alleged injuries which were received in the month of November, 1881, and that, consequently, the action is barred by the three-year statute of limitations. The counsel for the appellant argues, quite against the plain utterance of the Code of Civil Procedure, as it seems to us, that, inasmuch as the relation existing between the patient and the doctor was by virtue of a contract existing between them on the one side to render services, and on the other to pay for the same, the six-year statute of limitations is alone applicable. It is true that negligence in this, as in all other cases arising incidentally between parties who have contract relations with each other, is in some sort a breach of contract; but this by no means relieves the parties from the operation of the provisions of the statutes of limitations, which are designed to limit the right of action in case of negligence to three years, whether the negligence was caused by a party having any duty to perform to the other or not. Subdivision 5 of the three-year statute (Code, § 383) is: "An action to recover damages for a

personal injury resulting from negligence." It contains no qualification or limitation of cases where the negligence is caused by a person who has agreed by contract to do a certain thing in behalf of the party injured.

The judgment should be affirmed.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed.