[Sac. No. 1999.   Department Two.—August 21, 1913.]

CHARLES M. BASLER, Appellant, v. SACRAMENTO ELECTRIC, GAS AND RAILWAY COMPANY (a Corporation), Respondent.

NEGLIGENCE—INJURY TO PASSENGER ON STREET-RAILWAY—ACTION FOR LOSS OF SERVICES OF WIFE—STATUTE OF LIMITATIONS.—Subdivision 3 of section 340 of the Code of Civil Procedure, prescribing a period of one year as the time within which an action may be commenced "for injury to or for the death of one caused by the wrongful act or neglect of another," fixes the limitation for the commencement of an action by a husband to recover damages for the loss of the services of his wife, and for the expenses incurred for her medical care, resulting from personal injuries received by her, while riding as a passenger for hire on a street-car operated by the defendant, which injuries the complaint alleged were occasioned through the negligence of the servants of the defendant in operating the car on which she was being carried.

ID.—ACTION NOT BASED ON CONTRACT OF CARRIAGE—ALLEGATIONS AS MATTER OF INDUCEMENT.—Such action is based upon the injury and not upon the agreement of carriage, and allegations of the com-

plaint setting up the contract of carriage must be construed as matters of inducement, to show that the person injured was not a trespasser, and that by reason of the relation of passenger and carrier a definite legal duty arose on the part of the latter.

Id.—Violation of Obligation by Carrier—Action Ex Delicto.—In such actions, where the breach of duty and the consequent injury to the passenger are set forth, the violation of its obligation by the common carrier is the gravamen of the action which arises *ex delicto* and not *ex contractu.*

APPEAL from a judgment of the Superior Court of Sacramento County.   C. N. Post, Judge.

The facts are stated in the opinion of the court.

Charles B. Harris, and John C. March, for Appellant.

J. P. Coghlan, L. T. Hatfield, and Wm. B. Bosley, for Respondent.

MELVIN, J.—This is an action by Charles M. Basler, husband of Bessie M. Basler, in which he asks damages for loss of her services and for the expenses incurred for medical care, both causes of action following and resulting from injuries received by Mrs. Basler while a passenger on a streetcar operated by the defendant corporation in the city of Sacramento.   (See *Basler* v. *Sacramento Electric, Gas & Railway Co.,* 158 Cal. 516, [Ann. Cas. 1912A, 642, 111 Pac. 530].)   Mrs. Basler was injured November 17, 1906, and the complaint in the present action was filed November 16, 1908, just one day within two years thereafter.   Defendant demurred, setting up the statute of limitations.   (Code Civ. Proc. sec. 340, subd. 3.)   The demurrer was sustained and this appeal is taken from a judgment dismissing the action for want of prosecution.

The only point involved is whether the limitation upon the time of commencing this action is expressed in the statute cited above or in subdivision 1 of section 339 of the Code of Civil Procedure.   It is the theory of the plaintiff and appellant that his causes of action are based upon contract and not upon tort.   Subdivision 3 of section 340 of the Code of Civil Procedure prescribes a period of one year as the

time within which an action may be commenced "for injury
to or for the death of one caused by the wrongful act or
neglect of another." Subdivision 1 of section 339 of the
same code provides that "an action upon a contract, obliga-
tion or liability not founded upon an instrument in writing"
may be commenced within two years from the time of the
origin of the cause of action.

The two elements of damage for which this suit was prose-
cuted are pleaded in separate counts, in each of which the
essential matters upon which the claim of plaintiff is based are
set forth in the following language: "the defendant as such
common carrier of passengers, received the said Bessie M.
Basler on one of its cars, and received her fare for carrying
her as such passenger on said cars, and while she, the said
Bessie M. Basler was such passenger on one of defendant's
cars and was as such, being carried as a passenger thereon
and therein, the defendant by and through its agents, ser-
vants and employees, and through the negligence and care-
lessness of its said agents, servants and employees, so neg-
ligently and carelessly operated and ran said cars as such
common carrier of passengers for hire, that the said Bessie
M. Basler was by reason of such negligence, violently thrown
against one of the seats, in said car and on the floor thereof,
in such manner that by reason thereof, she was greatly in-
jured, wounded, cut and bruised." It is further pleaded
that "by reason of the said injuries," the said Bessie M.
Basler became incapacitated for the performance of her duties
as a housewife and that certain expenses were incurred for
nursing her and giving her proper medical care.

Appellant cites many authorities to sustain his position that
this is an action *ex contractu,* but his pleading does not come
within the rule announced by any one of them. It is true that
in many instances a person who has been injured may elect to
sue either in tort or in contract, but this action is clearly
based upon the injury and not upon the agreement of car-
riage and it comes under the provisions of subdivision 3 of
section 340 of the Code of Civil Procedure. It is true that the
complaint avers the fact that Mrs. Basler paid her fare and
the further facts that she was received as a passenger by
defendant and was injured by the negligence of its servants
while she was such passenger, but there is no allegation that

her husband was deprived of her services or that she was put in need of medical attention by reason of the breach of the contract of carriage. The language of the pleading which of course must be taken most strongly against the pleader does not show any reliance upon a breach of the contract of the defendant to transport Mrs. Basler safely. The pleader was evidently following the common practice of setting up the contract of carriage as matter of inducement, to show that the person injured was not a trespasser and that by reason of the relation of passenger and carrier a definite legal duty arose on the part of the latter. In such actions where, as here, the breach of duty and the consequent injury to the passenger are set forth, such violation of its obligation by the common carrier is the *gravamen* of the action which arises *ex delicto* and not *ex contractu.* (*Canaday* v. *United Railways Co.,* 134 Mo. App. 282, [114 S. W. 88]; *Atlantic & Pacific R. R. Co.* v. *Laird,* 164 U. S. 393, [41 L. Ed. 485, 17 Sup. Ct. Rep. 120]; *Sherman* v. *Western Stage Co.,* 22 Iowa, 557; *Burrell* v. *Preston,* 54 Hun, 70, [7 N. Y. Supp. 177]; *Saltonstall* v. *Stockton,* 21 Fed. Cas. No. 12,271.) Actions for damages because of the forcible ejection from a train of a passenger who is entitled to ride thereon by reason of a contract evidenced by a ticket commonly sound in tort and not in contract. (*Head* v. *Georgia Pacific Ry. Co.,* 79 Ga. 360, [11 Am. St. Rep. 434, 7 S. E. 217]; *Gorman* v. *Southern Pacific Co.,* 97 Cal. 1, [33 Am. St. Rep. 157, 31 Pac. 1112]; *Northern Pacific R. Co.* v. *Pauson,* 70 Fed. 588, [17 C. C. A. 287, 30 L. R. A. 730].)

In *Webber* v. *Herkimer,* 109 N. Y. 313, [16 N. E. 358], the question presented was whether or not a statute of limitations limiting the time within which an action to recover damages for "a personal injury resulting from negligence" was applicable to the pleading in that case. The court held that whether the action was in form one arising *ex contractu* or *ex delicto,* the liability was referable to the common carrier's negligence and came within the statute relating to the limitation upon actions to recover damages for personal injuries and not to that prescribing the time within which a litigant might sue for damages for breach of contract.

It has been held that the word "for" means "by reason of," "because of" and "on account of" and that a statute

prescribing a limitation on "actions for injury to the person . . . caused by negligence" should be interpreted to mean "actions 'by reason of' or 'because of,' or 'on account of' injuries to the person caused by negligence." (*Sharkey* v. *Skilton,* 83 Conn. 503, [77 Atl. 950].) Applying this rule to our own statute we must hold that the language of section 340 quoted above refers to actions for damages "on account of" personal injuries. In *Sharkey* v. *Skilton,* the plaintiff was the husband of the injured woman and there, as here, counsel sought to make a distinction between the direct injury to the wife and the indirect damage and loss to the husband, but the court held that both harmful results had their efficient cause in the accident to her and that therefore the same statute of limitations applied to actions in which the wife was a party and to those in which the husband sued alone because of his relative rights.

*Maxson* v. *Delaware, Lackawanna & Western R. R. Co.,* 112 N. Y. 560 [20 N. E. 544], was a case similar to this in which the husband sued for the loss of his wife's services because of injuries received by her on account of the defendant's negligence. It was held that his cause of action was governed by the statute prescribing the time within which an action might be commenced for a "personal injury, resulting from negligence."

We see no escape from the reasoning of the foregoing authorities. The demurrer was properly sustained for the reason that the cause of action was pleaded as one arising *ex delicto,* but even if we should regard it as arising upon contract, nevertheless the damages sought are directly referable to the personal injuries suffered by Mrs. Basler and consequently the time for the commencement of the action is limited by the terms of subdivision 3 of section 340 of the Code of Civil Procedure.

Judgment affirmed.

Lorigan, J., and Henshaw, J., concurred.