## GEBHARDT v. WADLEIGH.

(District Court, E. D. New York. June 12, 1923.)

Pleading ⊜⫻274—Additional facts held properly brought in by supplemental, and not by amended, complaint.

Additional facts, which were in existence, but not known to plaintiff when the complaint was filed, should be alleged by a supplemental, and not an amended, complaint.

At Law. Action by Hattie V. Gebhardt against Marion E. Wadleigh. On motion by plaintiff for leave to amend complaint. Denied.

Alexander Simpson, of New York City, for plaintiff.
Alfred W. Meldon, of New York City, for defendant.

GARVIN, District Judge. This is a motion by plaintiff for an order granting leave to amend the complaint. The action was originally brought in tort, plaintiff claiming that defendant had negligently and unskillfully treated plaintiff professionally and performed certain dental services upon the person of plaintiff in such a manner as to cause plaintiff to suffer severe and serious injuries and in addition thereto to contract a disease of a progressive nature. The amendment now sought to be allowed is in the nature of a series of allegations that defendant made an agreement with plaintiff by which defendant was to give plaintiff such dental professional treatment as should be necessary under the circumstances, and that defendant held himself out as and impliedly assured plaintiff that he was a competent, skilled dentist, and that he would use proper care in the performance of his professional duties, using every means to safeguard the plaintiff from any injury because of unskillful work, or by reason of any improper tools or instruments that defendant might use upon plaintiff's person in performance of the services to be rendered, and that he (the defendant) would perform the services to be rendered by him in a skillful and workmanlike manner, using all precautions necessary to prevent the transmission to plaintiff of any disease. These allegations, of course, plead an action in contract.

The defendant opposes the amendment, asserting that the plaintiff's claim in tort is barred by the statute of limitations, and that the amendment is in truth and fact sought in order to obtain the benefit of a longer statute of limitations. It has been held in a case of this character that, notwithstanding an attempt to plead defendant's unskillfulness in treating plaintiff, the relationship is not one of contract between the parties, but that the gravaman of plaintiff's injury is the unskillfulness of the dentist, or the improper performance of the work to the injury of the plaintiff, and hence that the action is in tort rather than in contract. Hurlbutt v. Gillett, 96 Misc. Rep. 585, 161 N. Y. Supp. 994. An earlier case holds:

"It is true that negligence in this as in all other cases arising incidentally between parties who have contract relations with each other is in some sort a breach of contract; but this by no means relieves the parties from the operation of the provisions of the statutes of limitations, which are designed to limit the right of action in case of negligence to three years, whether the

negligence was caused by a party having any duty to perform to the other or not." Burrell v. Preston, 54 Hun, 70, 7 N. Y. Supp. 177.

Section 50 of the Civil Practice Act holds that an action for malpractice must be commenced within two years, so that, even if the desired amendment should be allowed, it is difficult to see how the plaintiff can escape the operation of the statute. I thus express my views, but they are not to be regarded as controlling upon the court in the event that an application should be made as hereinafter permitted. particularly in view of the case of Sly v. Van Lengen, 120 Misc. Rep. 420, 198 N. Y. Supp. 608, upon which plaintiff relies for her contention that she is not barred by the statute.

The defendant objects to the proposed amendment on the ground that the facts sought to be alleged were in existence when the complaint was served, but of them the plaintiff was in ignorance, and contends that the application should be for permission to serve a supplemental complaint. The point is well taken. Horowitz v. Goodman, 112 App. Div. 13, 98 N. Y. Supp. 53.

It is clear, therefore, that this application for leave to serve an amended complaint must be denied, without prejudice to an application for leave to serve a supplemental complaint.