[Civ. No. 19663.   First Dist., Div. Two.   July 18, 1961.]

LAI WUM CHIN MOCK et al., Appellants, v. BELFAST BEVERAGES, INC. (a Corporation) et al., Defendants; NEW CENTURY BEVERAGE, INC. (a Corporation), Respondent.

Nicholas Alaga for Appellants.

Alfred James Smith for Respondent.

KAUFMAN, P. J.—This is an appeal from a judgment of dismissal after sustaining a demurrer to the plaintiffs' complaint and the failure of plaintiffs to amend their complaint. On appeal, it is argued that the judgment must be reversed because the complaint states a cause of action for breach of implied warranty, and because the cause of action was not barred by the statute of limitations.

On December 18, 1959, plaintiffs, Lai Wum Chin Mock and Wing H. Mock, filed their complaint alleging that in October 1958, they were the owners of a grocery store in San Francisco, and purchased from defendants for resale a bottle labeled Belfast Gingerale, produced, bottled, distributed and sold by defendants; that the defendants then and there warranted that the bottle was in a safe and nonhazardous condition, and contained no defects which would render it unsafe to move and to handle and to place on a shelf and to store. The complaint alleged further that on October 30, 1958, when the plaintiff, Lai Wum Chin Mock, took the bottle from a shelf in the grocery store and set it on the floor in a normal manner with the other bottles, it exploded causing physical injuries and monetary damages.

On February 10, 1960, defendants filed their demurrer to the complaint on the grounds of failure to state a cause of action and the statute of limitations (Code Civ. Proc., § 340, subd. 3). The demurrer was sustained with 10 days' leave to amend on May 3, 1960. No amended complaint was filed, and the judgment against the plaintiffs entered on May 18, 1960.

The first question on appeal is whether the complaint states a cause of action for breach of implied warranty. This question was recently laid to rest by *Vallis* v. *Canada Dry Ginger Ale, Inc.*, 190 Cal.App.2d 35 [11 Cal.Rptr. 823], and we conclude here that the complaint clearly establishes such cause of action. However, the second and major question is whether the properly applicable statute of limitations is the one-year period for personal injury actions set forth by section 340, subdivision 3, of the Code of Civil Procedure as the defendants contend, or the two-year period for oral contracts set forth by section 339, subdivision 1, of the Code of Civil Procedure, as the plaintiffs contend. The courts in this state have examined this question in great detail on many occasions and have repeatedly concluded that the one-year statute of limitations applies (*Rubino* v. *Utah Canning Co.*, 123 Cal.App.2d 18, 26 [266 P.2d 163]; *Tell* v. *Taylor,*

191 Cal.App.2d 266 [12 Cal.Rptr. 648]; *Hemingway* v. *Waxler*, 128 Cal.App.2d 68 [274 P.2d 699]; *Ritchie* v. *Anchor Casualty Co.*, 135 Cal.App.2d 245 [286 P.2d 1000]; *Peterson* v. *Sherman*, 68 Cal.App.2d 706 [157 P.2d 863]; *Klein* v. *Duchess Sandwich Co., Ltd.*, 14 Cal.2d 272 [93 P.2d 799]; *Crawford* v. *Duncan*, 61 Cal.App. 647 [215 P. 573]; *Basler* v. *Sacramento etc. Ry. Co.*, 166 Cal. 33 [134 P. 993]; *Huntly* v. *Zurich General Acc. & Liab. Ins. Co.*, 100 Cal.App. 201 [280 P. 163]). The same rule is also applied in a majority of jurisdictions (*Hertzler* v. *Manshum*, 228 Mich. 416 [200 N.W. 155]; *Zellmer* v. *Acme Brewing Co.* (9th Cir. 1950) 184 F.2d 940; 37 A.L.R.2d 703; 69 Yale L.J. 1099, 1126).

Plaintiffs, however, argue that the Rubino case is distinguishable because there was no privity between the parties, and that the proper precedent is *Crawford* v. *Duncan*, 61 Cal. App. 647 [215 P. 573]. However, in the instant case, defendants concede that privity is not required between consumer and manufacturer where foodstuffs are involved (*Peterson* v. *Lamb Rubber Co.*, 54 Cal.2d 339 [5 Cal.Rptr. 863, 353 P.2d 575]; *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453 [150 P.2d 436]; *Klein* v. *Duchess Sandwich Co., Ltd.*, 14 Cal.2d 272 [93 P.2d 799]).

The question raised here by the plaintiffs as to *Crawford* v. *Duncan, supra,* was settled in *Rubino* v. *Utah Canning Co., supra,* at pages 26-27, as follows:

"Aside from the *Crawford* v. *Duncan* case we are aware of no other decision in this state wherein subdivision 1, section 339, Code of Civil Procedure, was held to apply to actions involving either implied or express oral warranties where personal injuries were involved. We therefore feel that the decision in that case is contrary to the weight of authority in holding that the governing statute of limitations was subdivision 1, section 339, Code of Civil Procedure, rather than subdivision 3, section 340, Code of Civil Procedure. (*Harding* v. *Liberty Hospital Corp., supra,* 177 Cal. 520 [171 P. 98].)

"It seems apparent that the legislative intent behind subdivision 3, section 340, Code of Civil Procedure, was not to restrict its coverage to tort actions independent of any contractual relation, but to provide a limitation of one year where personal injury or death results, regardless of the tort, contract or breach of express or implied warranty aspect of the case. The Uniform Sales Act makes no material distinction between express and implied warranties as far as remedies are concerned. We are satisfied that the instant case falls within

the provisions of subdivision 3, section 340, Code of Civil Procedure, and that the action must have been brought within one year from the time the cause of action arose. (*Basler* v. *Sacramento etc. Ry. Co., supra,* 166 Cal. 33 [134 P. 993]; *Zellmer* v. *Acme Brewing Co.,* 184 F.2d 940; *Harding* v. *Liberty Hospital Corp., supra,* 177 Cal. 520 [171 P. 98].)''

Judgment affirmed.

Draper, J., and Shoemaker, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 13, 1961.