[Civ. No. 21195.   First Dist., Div. Two.   Mar. 16, 1964.]

RICHARD S. RODIBAUGH, Plaintiff and Appellant, v. CATERPILLAR TRACTOR COMPANY, Defendant and Respondent.

Severson, Zang, Werson, Berke & Larson, R. Bruce Hughes and Ernest Y. Sevier for Plaintiff and Appellant.

Barfield, Barfield & Dryden for Defendant and Respondent.

AGEE, J.—This is an action for damages for personal injuries allegedly sustained as a proximate result of a defect in a bulldozer manufactured by defendant and purchased by plaintiff's employer.

Plaintiff appeals from a judgment entered upon an order sustaining defendant's demurrer to each of the two counts in

the amended complaint without leave to amend. The first count alleges breach of warranty and the second count alleges negligence.

The lower court, in compliance with section 472d of the Code of Civil Procedure, stated that its order was based upon the ground that "[t]he period of limitations runs from the sale [of the bulldozer] and not from the date of the accident, and therefore the Complaint shows on its face that both counts are barred by the statute of limitations."

The second count incorporates paragraphs 2, 3, 4, 5, 8 and 11 of the first count by reference. The relevant allegations of these paragraphs may be summarized as follows: that at some time prior to August 31, 1957, defendant manufactured a certain specified bulldozer and a certain pin inserted in a hinge to the front blade thereof; that on August 31, 1957, plaintiff's employer purchased said bulldozer; that on February 13, 1961, while acting in the course and scope of his employment by said purchaser, plaintiff attempted to extract said pin from the hinge of said bulldozer; that he was using the customary and usual method of extracting said pin, by striking the upper flange of the same with a wedge-shaped hammer (how injury occurred described below); that plaintiff sustained general and special damages for which he seeks a money judgment.

It appears that paragraph 9 of the first count was inadvertently left out of the paragraphs thereof which were incorporated in the second count by reference. Said paragraph 9 alleges that at the time plaintiff was engaged, as aforesaid, "a piece of metal flew off said pin and pierced plaintiff's right eye, causing him to lose all sight therein." This oversight may easily be remedied by plaintiff in an amended pleading.

The second count concludes with the charging allegation that the defendant "so carelessly and negligently manufactures [sic], processed, distributed and sold said machine and the pin therein, as to proximately cause the damages herein complained of."

As stated above, the first count seeks a recovery upon the theory of breach of warranty. In addition to the allegations of paragraphs 2, 3, 4, 5, 8, 9 and 11 to which we have referred, this count contains the following allegations: that defendant "expressly and impliedly warranted that said bulldozer was safe for the usual uses to which it and the pin in said hinge would be put; and in particular expressly and

impliedly warranted that said pin could be safely extracted from said hinge, when done in a customary manner, without metal particles flying off said pin; and expressly and impliedly warranted that said machine and said pin would not cause injury to any member of the industrial family of the plaintiff's employer when used in a customary manner. .. [;] [p]laintiff was a member of the industrial family of his employer, and a person to whom said warranties extended; and as a member of said industrial family relied upon said warranties. .. [;] [that] said warranties were breached, in that a piece of metal flew off said pin'' etc.

This action was commenced on February 9, 1962. Defendant contends that it is barred by the statute of limitations, relying upon subdivision 1, section 337, and subdivision 1, section 339, of the Code of Civil Procedure. Each of these statutes is of *general* application to ''[a]n action upon any contract . . .'' and provides for the time limitations of four years and two years, respectively.

On the other hand, subdivision 3, section 340, Code of Civil Procedure, *specifically* applies to ''an action . . . for injury to or for the death of one caused by the wrongful act or neglect of another. ...'' The time limitation under this statute is one year.

In *Rubino* v. *Utah Canning Co.*, 123 Cal.App.2d 18 [266 P.2d 163], plaintiff sued defendant canner for personal injuries (sickness) resulting from eating canned peas, basing his complaint on allegations of breach of warranty. The action was commenced more than one year after the injury and the court held that it was barred by time limitation, stating as follows: ''It seems apparent that the legislative intent behind subdivision 3, section 340, Code of Civil Procedure, was not to restrict its coverage to tort actions independent of any contractual relation, but to provide a limitation of one year where personal injury or death results, *regardless of the tort, contract or breach of express or implied warranty aspect of the case.*'' (Italics ours.)

*Lai Wum Chin Mock* v. *Belfast Beverages, Inc.*, 193 Cal. App.2d 770 [14 Cal.Rptr. 602], is to the same effect and expressly approves and relies upon *Rubino, supra.* A hearing in this case was denied unanimously by the Supreme Court on September 13, 1961.

We hold that an action to recover damages for personal injury, regardless of whether it is based upon an alleged breach of warranty or is based upon an alleged tort, is

controlled by the one-year limitation statute governing actions for personal injuries, i.e., subdivision 3 of section 340 of the Code of Civil Procedure. This is in accord with the prevailing view in the majority of other jurisdictions. (See note in 37 A.L.R.2d 703 and authorities collected therein.)

We further hold, as in the *Rubino* and *Lai Wum Chin Mock* cases, *supra*, that the plaintiff's cause of action did not accrue until the date of his injury, i.e., February 13, 1961, and that this action, having been commenced within one year thereafter, is not barred by the statute of limitations.

The judgment is reversed as to both counts and the lower court is directed to allow plaintiff to amend his amended complaint in such respects as may be meet and proper and in accord with our decision herein.

Shoemaker, P. J., and Taylor, J., concurred.