[Civ. No. 53279. Second Dist., Div. Four. Feb. 9, 1979.]

WILLIAM H. AUSTIN, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,
Defendants and Respondents.

## Counsel

Norman W. de Carteret for Plaintiff and Appellant.

Schell & Delamer, Roland R. Kasper, Robert G. Garrett and George W. Fulton, Jr., for Defendants and Respondents.

## Opinion

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a summary judgment on his first cause of action and from a judgment dismissing his second

and fourth causes of action after sustaining a demurrer thereto without leave to amend. We reverse the judgment as to the first cause of action and affirm it as to the second and fourth causes of action.

I

The facts as to the first cause of action are not in dispute. Plaintiff's wife was a patient of defendants for the purpose of delivery of their child. The wife died during the delivery procedure. After her death, plaintiff, who was in the delivery room, was able to feel life in the as yet unborn child; he asked the attending physician and nurses to deliver the child but they refused; the child died, and plaintiff was able to ascertain the death by feeling the wife's body.

The first cause of action seeks to recover for the emotional distress resulting from the death of the child. The rulings here complained of were to the effect that, on the facts above stated, there was no cause of action for emotional distress.[1] We disagree.

The elements of a cause of action for emotional distress were thus stated in the seminal case of *Dillon* v. *Legg* (1968) 68 Cal.2d 728 at pages 740-741 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316] as follows: "We note, first, that we deal here with a case in which plaintiff suffered a shock which resulted in physical injury and we confine our ruling to that case. In determining, in such a case, whether defendant should reasonably foresee the injury to plaintiff, or, in other terminology, whether defendant owes plaintiff a duty of due care, the courts will take into account such factors as the following: (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."

---

[1] In addition to the partial summary judgment on the first cause of action, the trial court struck certain portions of the complaint contained therein. Except as to its ruling on the issue of punitive damages, discussed hereinafter under rubric IV, those rulings appear to have resulted from the trial court's view, which we reverse, that plaintiff had no cause of action for emotional distress. On remand, the trial court should reconsider such rulings in light of this opinion.

The trial court, and respondents here, relied on the decision of the Supreme Court in *Justus* v. *Atchison* (1977) 19 Cal.3d 564 [139 Cal.Rptr. 97, 565 P.2d 122]. That reliance is misplaced as to the first cause of action. In *Justus,* all the plaintiff claimed was that he was in the delivery room when the defendant improperly conducted a delivery. The Supreme Court denied relief solely on the ground that, on the facts alleged, plaintiff did not, and could not, have seen any allegedly negligent acts of delivery and that his distress arose only after the death when he was told of it by the defendant doctor. ■ Here, however, plaintiff alleges that he learned of the death by his own observation of the cessation of life in the fetus and that his shock and distress were occasioned by that sensory and contemporaneous realization of the death. *Justus* is not here applicable. Since the presence of the other two elements required by *Dillon*—presence at the scene and relationship—are not disputed, it follows that the first cause of action did state, and the declarations filed on the motion for summary judgment show, a triable cause of action.

## II

■ Plaintiff's second cause of action is for the wrongful death of the child. As to that cause of action, *Justus* is applicable and the demurrer to it was properly sustained.

## III

Plaintiff's fourth cause of action is for breach of contract, based on the failure of defendants to perform the delivery of the fetus. We agree that the demurrer to that cause of action was properly sustained. A party may not circumvent a doctrine barring a tort action by pleading it as one for breach of contract. Although not directly in point, the rational of *Tell* v. *Taylor* (1961) 191 Cal.App.2d 266 [12 Cal.Rptr. 648] and *Lai Wum Chin Mock* v. *Belfast Beverages* (1961) 193 Cal.App.2d 770 [14 Cal.Rptr. 602], is applicable here.

## IV

■ The trial court struck from the first cause of action those portions which sought punitive damages against the defendants.

(a) Insofar as defendant Regents are concerned, that action was compelled by section 818 of the Government Code.

(b) While there is no restriction against claiming punitive damages as against the defendant doctor, the allegations in plaintiff's complaint are purely conclusionary and do not meet the requirements set forth in *Gombos* v. *Ashe* (1958) 158 Cal.App.2d 517 [322 P.2d 933]. However, since we permit plaintiff to go forward with his first cause of action, he should be permitted, if he so desires, to amend those allegations by pleading such factual matter as he can properly plead to amplify the present inadequate pleading.

### V

Plaintiff sought leave to amend his pleading to allege damages in addition to those originally pleaded resulting from his alleged distress. Denial of that request was proper. Under subdivision (b) of section 425.10 of the Code of Civil Procedure, no dollar amount of damages may be stated in an action for personal injuries.

### VI

Plaintiff's third cause of action was for the wrongful death of his wife. The record shows that that cause of action was dismissed by plaintiff. His attempted appeal from that dismissal is unauthorized.

The judgment is reversed insofar as it relates to the first cause of action, except insofar as it involved striking the claim for punitive damages; it is otherwise affirmed. Plaintiff shall recover his costs on appeal.

Alarcon, J., concurred.

**JEFFERSON (Bernard), J.**—I concur and dissent.

I concur with the majority's views with respect to affirmance of the judgment against plaintiff as to the second and fourth causes of action. I disagree with the majority in its holding that defendants were not entitled to a summary judgment with respect to plaintiff's first cause of action.

The majority takes the view that, on the undisputed facts, plaintiff was entitled to go to trial on his first cause of action for damages for emotional distress resulting from the death of his child. The majority holds that plaintiff has stated a good cause of action for emotional distress in accord

with the three requirements set forth in *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316] I cannot agree with the majority's view that the defendants' reliance on *Justus* v. *Atchison* (1977) 19 Cal.3d 564 [139 Cal.Rptr. 97, 565 P.2d 122], is misplaced.

I do not interpret *Justus* as does the majority. The majority states that the *Justus* court denied relief to the two fathers there *solely* on the ground that, on the facts alleged, each plaintiff-father's distress over the death of his child arose only after the death when he was told of it by the defendant physician. The majority distinguishes that factual situation from the case at bench by asserting that plaintiff in the case at bench had learned of the death of his baby by his own observation, the allegation in the complaint being that upon the death of plaintiff's wife in the hospital without prior delivery of the unborn child, "plaintiff and defendants saw and felt the unborn child move" and that "the unborn baby then died without being born while plaintiff and defendants were present."

I agree with the majority that *Dillon* sets forth three factors for a cause of action for emotional distress resulting from witnessing an injury negligently caused to a third person. One of these factors to be considered is "[w]hether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence." (*Dillon, supra,* 68 Cal.2d 728, 740-741.)

It is true that *Justus* does not depart from *Dillon* in the latter's requirement that three factors are to be considered, including the factor previously quoted from *Dillon*. The majority, however, chooses to ignore an additional requirement imposed by *Justus* for a cause of action for emotional harm in witnessing an accident.

Although *Justus* does not depart from *Dillon* in its requirement that the plaintiff's claim for emotional injury must result from the plaintiff's *sensory* and *contemporaneous* observance of the accident as one of the three factors to be taken into account, *Justus* imposes an additional requirement not set forth in *Dillon* that is not satisfied in the case at bench. This additional requirement is that plaintiff must be an *involuntary* witness to the accident and is denied recovery if he is a *voluntary* witness to the accident.

In *Justus,* after stating that neither plaintiff-father (there being two separate cases) was entitled to recover because "a shock caused by 'learning of the accident from others after its occurrence' (68 Cal.2d at p. 741) will not support a cause of action under *Dillon*" (*Justus, supra,* 19 Cal.3d 564, 585), the court proceeded to add that neither plaintiff-father could rely on *Dillon* for recovery of damages for emotional distress resulting from his child's death for an additional reason over and above the three-factor requirements of *Dillon.* The *Justus* court then proceeded to point out that, by its very nature, a *Dillon* cause of action presupposes that the plaintiff was an *involuntary* witness to the accident. The *Justus* court then went on to point out that each plaintiff-father was in the delivery room of the hospital by his own choice and should be prepared to observe unpleasant and possibly traumatic complications. The court likened a father's presence in a hospital delivery room to a lay person's presence in a hospital operating room. The *Justus* court then stated that, although not invoking the doctrine of assumption of risk, it would *not* extend the right of recovery under the *Dillon* rule to fathers or others who were *voluntarily* in a delivery room of a hospital or in the operating amphitheater of a hospital.

The language by which *Justus* denies the right of recovery for emotional distress to a voluntary witness to an accident in a delivery room or an operation room of a hospital is as follows: "Moreover, in the context of this case reliance on *Dillon* seems particularly inappropriate for an additional reason. By its nature the *Dillon* cause of action presupposes that the plaintiff was an involuntary witness to the accident. Yet here, although the complaints are silent on the point, we must assume that each husband was in the delivery room by his own choice. Surely a layman who voluntarily observes a surgical operation must be prepared for the possibility of unpleasant or even harrowing experiences. This is no less true of the procedure of childbirth, which, although unlikely to be traumatic, is always subject to complications. We do not go so far as to invoke the doctrine of assumption of risk; but the ever-present possibility of emotional distress dissuades us from extending the *Dillon* rule into the operating amphitheater in these circumstances." (*Justus, supra,* 19 Cal.3d 564, at p. 585.)

In the case at bench, from the allegations of the complaint and the declarations, the inference is unmistakable that plaintiff was a voluntary witness to the childbirth procedure which turned out to have disastrous consequences. Under these circumstances, the principles set forth in

*Justus* mandate that summary judgment in favor of defendants on the first cause of action should be affirmed.

I do not believe that we are free to ignore the *Justus* holding which adds a *fourth* factor to the three factors outlined in *Dillon* for a cause of action for damages for emotional distress to a plaintiff resulting from witnessing an accident or injury to another negligently caused by defendant. I would thus affirm the judgment in its entirety.

Respondents' petition for a hearing by the Supreme Court was denied April 9, 1979. Bird, C. J., Mosk, J., and Manuel, J., were of the opinion that the petition should be granted.