127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John T. DUFF, Plaintiff-Appellant,
v.
REGENTS OF THE UNIVERSITY OF CALIFORNIA; University of
California Police Department; and Does 1 to 100,
Defendants-Appellees.
 No. 97-55277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John T. Duff appeals the district court's dismissal with prejudice of his action under 42 U.S.C. § 1983 and Caiifornia state law alleging that University of California Police Department officers wrongfully beat him into custody, and charged him with driving under the influence. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 In lieu of filing a responsive pleading to Duff's original complaint, defendants filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss. Duff did not file an opposition; however, on the date of the hearing he filed a first amended complaint.[1] The district court granted defendants' motion to dismiss the original complaint with prejudice, but failed to give any reasons for its dismissal.
 
 
 4
 The district court abused its discretion by dismissing Duff's original complaint with prejudice because amendment was not futile. See Allwaste Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir.1995). Duff's amended complaint states claims under §§ 1983 and 1988 against Doe defendants in their personal capacities. See Ashker v. California Dept. of Corrections, 112 F.3d 392, 394-95 (9th Cir.1997) (holding that Eleventh Amendment does not bar damage claims against state officials in their personal capacities).[2]
 
 
 5
 Amendment of Duff's supplemental state claims was not futile because the California government tort claim and proof of service filed with Duff's amended complaint cured the jurisdictional deficiency in his original complaint. See Cal. Gov't Code § 945.4. Amendment was not futile as to his claims for assault and battery, false imprisonment, and intentional and negligent infliction of emotional distress. See Cal. Gov't Code § 815.6; Doggett v. United States, 875 F.2d 684, 691 (9th Cir.1989) (stating elements for tort claims against public entities and employees). Amendment was not futile as to Duff's claims under the California civil rights statutes, because he alleged that violation of his civil rights was motivated by his psychological disability. See Cal. Civ.Code §§ 51.7, 52.1, and 52.1.
 
 
 6
 Conversely, amendment was futile as to Duff's claims for punitive damages against the state agencies. See Cal. Gov't Code § 818; Austin v. Regents of the Univ. of California, 152 Cal.Rptr. 420, 422 (Cal.Ct.App.1979) (no restriction, however, against claiming punitive damages against individual defendants).
 
 
 7
 Defendants argue that the district court could have dismissed Duff's complaint because he violated local and federal rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam) (listing factors court must weigh before dismissing for failure to follow local rules). An independent review of the record demonstrates that such dismissal would be an abuse of discretion. See id.
 
 
 8
 Accordingly, because the district court abused its discretion by dismissing Duff's original complaint with prejudice, we reverse and remand for further proceedings.[3]
 
 
 9
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Duff had a right to file an amended complaint as a matter of course. See Fed.R.Civ.P. 15(a); Doe v. United States, 58 F.3d 494, 496-97 (9th Cir.1995) (dismissal without leave to amend before responsive pleading filed is improper)
 
 
 [2]
 Amendment was futile, however, as to Duff's §§ 1983 and 1988 claims against the state agencies and the Doe defendants in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)
 
 
 [3]
 We have considered the parties' remaining contentions and determine they are without merit