Atze AKKERMAN; Elizabeth Akkerman, each suing individually and on behalf of the general public, Plaintiffs—Appellants,

v.

MECTA CORPORATION; American Psychiatric Association, Defendants—Appellees.

No. 02–56144.

D.C. No. CV–01–10362–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided Aug. 6, 2003.

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Plaintiffs ("the Akkermans") allege that as a result of electroconvulsive therapy ("ECT" or "shock treatment") administered by his psychiatrist Dr. Joseph Johnson, Atze Akkerman ("Akkerman") suffered substantial amnesia, including loss of his knowledge and memories of his wife and children and loss of his ability to write, play and perform music. Defendant Mecta Corp. ("Mecta") manufactured the shock treatment device that was used to administer treatments to Akkerman.

The Akkermans allege that Dr. Johnson informed them that Akkerman required shock treatment and that "although it might cause some limited memory loss, it only eliminated unhappy or depressing memories [and] that Mr. Akkerman's full memory would be restored in a short time but that he would no longer feel depressed." The shock treatments were administered throughout January 2000. Following the treatments, Akkerman was disoriented and could not remember the events of his life or recognize those close to him. In February, 2000, unable to return to work as expected, Akkerman contacted Dr. Johnson and sought from him a letter that would explain the reason Akkerman was unable to perform his job. On February 28, 2000, Dr. Johnson responded in writing, stating that Mr. Akkerman's memory "will improve completely soon." Relying on this representation, Akkerman waited for his memory to return.

In January, 2001, after almost a year of attempting to reclaim his memory, Akkerman moved out of the home he shared with his wife and two children and "moved into the home of the persons he was informed were his parents." In January or February of 2001, Akkerman met with a clinical social worker and attended a support group discussion with persons who were labeled depressed and he discussed his loss of memory with them. During these discussions, Akkerman "was told, and then finally realized, that if he had not regained his memory as of then, . . . his memory would not likely be returning." He alleges also that "the brain damage and injuries . . . caused by the shock treatment exacerbated his inability to recognize his injuries."

The district court granted Mecta's motion to dismiss on statute of limitations grounds, explaining:

> With respect to the motions that's filed before the court, I find first of all that

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the delayed discovery rule does not apply to plaintiff's personal injury claims since the plaintiffs failed to timely file their complaint within the California one-year statutory period.[1]

The district court did not mention California law concerning delays in the commencement of limitations periods under the so-called "discovery rule."

We review the district court's decision to dismiss on statute of limitations grounds de novo, *Underwood Cotton Co. v. Hyundai Merchant Marine, Inc.*, 288 F.3d 405, 407 (9th Cir.2002), and we reverse.

The parties agree that the Akkerman's claims all are governed, pursuant to California law, by a one year statute of limitations. The Akkermans filed this lawsuit on September 10, 2001, one year, six months, and ten days after Dr. Johnson's assurance that Akkerman's memory would "improve completely soon" and approximately one year and eight months after the shock treatments.

Mecta is correct that, as a general matter, statutes of limitations in personal injury cases begin to run on the date of the act that forms the basis for the lawsuit. *See Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397, 87 Cal.Rptr.2d 453, 981 P.2d 79 (1999); *Rodibaugh v. Caterpillar Tractor Co.*, 225 Cal.App.2d 570, 573, 37 Cal.Rptr. 646 (1964). However, plaintiffs filing suit under California law may take advantage of the discovery rule to toll the statute of limitations. Under this rule, the statute of limitations does not begin to run until a plaintiff suspects, or should suspect, that his injury was caused by wrongdoing. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110, 245 Cal.Rptr. 658, 751 P.2d 923 (1988); *see*

*also Norgart*, 21 Cal.4th at 397, 87 Cal.Rptr.2d 453, 981 P.2d 79 (discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action"). Taking the allegations in the complaint as true, and drawing reasonable inferences flowing therefrom in favor of the Akkermans as we must in reviewing a motion to dismiss, we conclude that a jury would be entitled to find that (1) the Akkermans did not have actual suspicion that Akkerman's memory loss was permanent more than one year prior to the filing of the law suit, and (2) the Akkermans failure to suspect, prior to September 10, 2000 (one year before the filing of the lawsuit), that the memory loss was permanent, as well as Mrs. Akkerman's failure to suspect, prior to that date, that she would permanently lose her husband's consortium, was reasonable. Plaintiffs of course knew that Akkerman was suffering from memory loss as early as January 2000, but they were warned that temporary memory loss was a possible side effect of the shock treatments. It is Akkerman's permanent memory loss, and the resulting loss of consortium, that constitute plaintiffs' injuries. A jury could thus conclude that the discovery rule tolled the statute of limitations long enough to render the Akkermans' complaint timely.

**REVERSED and REMANDED.**

---

1. In relevant part, the written order confirming this ruling from the bench stated:
  the Court GRANTS with prejudice defendant MECTA Corporation's motion to dismiss claims for relief under Fed R. Civ. P.

12(b)(6) as to plaintiff's First, Second, Third and Fourth Claims for Relief, on the ground that they are time-barred by the applicable statute of limitations.